IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE GRIGG, on behalf of herself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> W.W. GRAINGER, INC. D/B/A GRAINGER <br><br> Defendant | No. 19-CV- <br><br> **District Judge** <br><br> Magistrate Judge <br><br> *JURY DEMAND* |

## COMPLAINT

NOW COMES Plaintiff, **NICOLE GRIGG,** on behalf of herself and all other Plaintiffs similarly situated, by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for her Complaint against Defendant, **W.W. GRAINGER, INC. D/B/A GRAINGER,** states as follows:

I.    **NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

II.    **JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendant is or was engaged in business in this district.

III.    **THE PARTIES**

3. Defendant, **W.W. GRAINGER, INC. D/B/A GRAINGER,** sells industrial equipment and tools to corporate customers. Defendant **W.W. GRAINGER, INC. D/B/A GRAINGER,** is

an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Plaintiff, **NICOLE GRIGG** (hereinafter referred to as "the named Plaintiff"), is an hourly employee who performs sales duties for Defendant at its office located at 100 Grainger, Lake Forest, Illinois 60045. The named Plaintiff worked hours in excess of forty (40) in a workweek, including work that was not recorded or accounted for by Defendant's time keeping system (hereinafter referenced as "work off the clock") and was denied time and one-half compensation for all such hours. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendant and were paid hourly and also performed work off the clock as described above and also were denied pay at time and one-half compensation. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

5. Defendant has partially reimbursed Plaintiff Grigg for some of the back wages owed to her but has calculated the damages improperly and has failed to make Plaintiff Griggs whole.

6. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

7. The total amount of hours worked off the clock by Plaintiff and members of the Plaintiff Class, and therefore the total number of regular and or overtime hours for which additional compensation is owed is information substantially, if not completely, within the control and possession of Defendant in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found in Title 29 CFR, Part 516.

IV. **STATUTORY VIOLATIONS**

**Collective Action Under The Fair Labor Standards Act**

8. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of herself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

9. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

V. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

10. Plaintiff, at all times pertinent to the cause of action, was employed by Defendant, said employment being integral and indispensable to Defendant's business.

11. During Plaintiff's employment, Defendant paid Plaintiff on an hourly basis.

12. Plaintiff, and members of the Plaintiff Class, on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for all such hours pursuant to the requirements of the federal and state statutes herein relied upon.

13. Plaintiff, and members of the Plaintiff class, worked before and after regular office hours performing sales duties as required by Defendant before clocking in and after clocking out and on weekends, therefore performing work off the clock.

14. This work performed by Plaintiff and members of the Plaintiff Class was work off the clock to the benefit of the employer without pay, in violation of the requirements of the federal and state statutes herein relied upon.

15. Additionally, during unpaid meal breaks Plaintiff and members of the Plaintiff class routinely performed work, again to the benefit of the employer, without pay for that time.

16. In some instances, that unpaid time should have been compensated at time and one-half the workers' regular hourly rate because if the unpaid time was properly treated as compensable, Plaintiff and other members of the Plaintiff Class would have been over 40 hours in particular workweeks. In other instances, the unpaid time should have compensated at the workers' regular hourly rates.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-16. Paragraphs 1 through 16 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 16 of this Count I.

17. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half

times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

18. Defendant has at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-18 Paragraphs 1 through 18 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 18 of Count II.

19. Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and

guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

20. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) and such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-20. Paragraphs 1 through 20 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 20 of Count III.

21. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

22. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-22. Paragraphs 1 through 22 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 22 of this Count IV.

23. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

24. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

25. Defendant's failure to pay compensation as described above, has been willful and/or in bad faith.

26. Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

    (a)    declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

    (b)    awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

    (c)    allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

    (d)    directing Defendant to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

    (e)    for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

## VIOLATION OF FAIR LABOR STANDARDS ACT
## RETALIATION

## NICOLE GRIGG vs. W.W. GRAINGER, INC. D/B/A GRAINGER

1-26.    Paragraphs 1 through 26 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 26 of this Count V.

27.    During the course of her employment with Defendant, on occasions Plaintiff Grigg raised the issue of nonpayment of hours worked before and after her shift and during unpaid meal breaks and pressed management regarding that unpaid work.

28.    Ultimately, Plaintiff Grigg pressed the issue sufficiently that Defendants did its own recalculation of wages owed to Grigg and tendered a check according to their own calculations, purportedly for all back wages owed. However, as alleged above, Defendant has calculated the damages improperly and has failed to make Plaintiff Griggs whole and, in conjunction with retaining counsel, Grigg further challenged Defendant and asserted her entitlement to additional back wage damages as provided by the FLSA.

29. Concurrent with the events set forth in Paragraphs 27 and 28 above, Defendant, by and through its representatives and management holding themselves out to be in a position of authority for Defendant in relationship to Plaintiff Grigg and presenting themselves in that manner to Plaintiff Grigg, despite Plaintiff's history of satisfactory and at times exemplar job performance, began a pattern of conduct and behavior towards Plaintiff intended and designed to discriminate against her in retaliation of her asserting her rights under the FLSA by way of one or more, but not limited to, the following acts:

   a)  purposefully increasing the negative critique and evaluation of Plaintiff's work;
   b)  consistently and regularly confronting Plaintiff with issues and concerns not previously raised;
   c)  verbally harassing and demeaning Plaintiff in front of her peers and other co-workers regarding her job duties and job performance;
   d)  after having previously awarded Plaintiff an incentive trip based upon her performance, withdrew such award;
   e)  otherwise intimidating, threatening and bullying Plaintiff in the workplace thereby creating a discriminatory employment environment intended to punish plaintiff for asserting her claims under the FLSA.

30. In direct retaliation for Plaintiff asserting her rights under the FLSA as described above, Defendants discriminated against Plaintiff.

31. Pursuant to Fair Labor Standards Act, 29 U.S.C. §215(a)(3), it is illegal for an employer, or an employer through other appointed agents and affiliates, to retaliate or discriminate against an employee for asserting her rights for back overtime wages as described above.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all wages lost by Plaintiff as a result of the retaliatory acts complained of herein;

(b) awarding prejudgment interest with respect to the total amount of all lost wages;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act;

(d) awarding punitive damages against Defendants in an amount in excess of One Million Dollars ($1,000,000);

(e) for such additional relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 03/14/2019*

/s/ John W. Billhorn
_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.